IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| LONE STAR DRY GOODS CO., | § | |
|     Plaintiff, | § | Case No. 6:18-cv-344_____ |
| | § | |
| v. | § | COMPLAINT FOR DAMAGES AND |
| | § | |
| BRAZOS RIVER DRY GOODS | § | INJUNCTIVE RELIEF |
| COMPANY, LLC; and COLEBURN | § | |
| TODD DAVIS, | § | Jury Trial Demanded |
|     Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND
## APPLICATION FOR INJUNCTION

Plaintiff Lone Star Dry Goods Co. files this original complaint and application for injunction against Defendant Brazos River Dry Goods Company, LLC.  In support, Plaintiff shows as follows:

### PARTIES

1.    Plaintiff Lone Star Dry Goods Co. is a Texas corporation with its principal place of business at 173 Walnut Street, Abilene, Texas 79601.

2.    Defendant Brazos River Dry Goods Company, LLC is a member-managed, Texas limited liability company whose sole member, Coleburn Todd Davis, is a Texas resident.  Brazos River Dry Goods Company, LLC may be served through its registered agent, Coleburn Todd Davis, at 2410 Austin Ave., Waco, TX 76701 (registered address), 15009 Badger Ranch, Woodway, Texas 76712 (on information and belief, Davis' residential address), or wherever Davis may be found.

3.    Defendant Coleburn Todd Davis is a Texas resident who may be served with process at 2410 Austin Ave., Waco, TX 76701 (Brazos River Dry Goods' registered

address), 15009 Badger Ranch, Woodway, Texas 76712 (on information and belief, Davis'

residential address), or wherever Davis may be found.

## JURISDICTION AND VENUE

4.      The claims for federal trademark and trade dress infringement, unfair

competition and false designation of origin, and trade dress dilution in paragraphs 23

through 45 below (the "federal claims"), arise under the Trademark Act of 1946 (as

amended), namely, 15 U.S.C. §§ 1051 *et seq.*  Accordingly, this Court has subject matter

and original jurisdiction over the federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C.

§§ 1331 and 1338(a).

5.      The state law claim for trade dress dilution asserted in paragraphs 46 through

51 below arises under Section 16.103 of the the Texas Business and Commerce Code, and

is so related to the federal claims that they form part of the same case or controversy.

Therefore, this Court has subject matter jurisdiction over the state law trade dress dilution

claim pursuant to 28 U.S.C. § 1367(a).

6.      The claims for state common law trademark infringement, trade dress

infringement, misappropriation, unjust enrichment, false designation of origin, and unfair

competition in paragraphs 52 through 89 below (the "Texas common law claims"), arise

under the common law of the State of Texas, and are so related to the federal claims that

they form part of the same case or controversy.  Therefore, this Court has subject matter

jurisdiction over the Texas common law claims pursuant to 28 U.S.C. §§ 1338(b) and

1367(a).

7.     This Court has general personal jurisdiction over Brazos River Dry Goods Company, LLC because it is "at home" in Texas.   This Court has general personal jurisdiction over Coleburn Todd Davis because he resides in Texas.   This Court has also specific personal jurisdiction over Defendants because they have purposefully availed themselves of the privilege of conducting activities in Texas, and Defendants' liability arises from or relates to their activities in Texas.

8.     Venue is proper in this judicial district because Brazos River Dry Goods has its principal place of business in this judicial district.   28 U.S.C. §§ 1391(b)(1), (c)(2). Alternatively, venue is proper in this judicial district because Coleburn Todd Davis resides in this judicial district.   28 U.S.C. §§ 1391(b)(1), (c)(1).   Alternatively, venue is proper in this judicial district because it is a judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.   28 U.S.C. §§ 1391(b)(2).

## FACTUAL BACKGROUND

**A.     Lone Star Dry Goods is a distinctive retail concept that sells a unique collection of products and services.**

9.     Lone Star Dry Goods Co. is a retail company founded by Ted and Allicyn Evans that sells men's lifestyle products and services, including grooming, apparel, accessories, home items, kitchen/bar, outdoor, hunting, and fishing products.   Lone Star Dry Goods opened its doors April 7, 2016 in Abilene, Texas as the Lone Star Dry Goods Division of Lone Star Canvas & Sign Works, Inc.   As the company grew, Ted and Allicyn created Lone Star Dry Goods Co. in June 2017.

10.     Ted and Allicyn created the distinctive Lone Star Dry Goods concept from personal market research and seeking out brands that they, as consumers, wanted to purchase.  They curated and began to sell a unique collection of men's lifestyle goods and services in one retail store.  Besides a few national apparel brands, regular retail markets and tradeshows do not carry the brands and goods that Lone Star sells.  Lone Star focuses on selling brands that are small independent makers who sell time-tested American-made products, and products linked to philanthropic causes.

11.     Ted's and Allicyn's distinctive concept emphasizes personal relationships with Lone Star's customers and a customer-service-oriented environment.

12.     From its inception, Lone Star Dry Goods has used social media—Instagram, Facebook, Twitter and Tumblr—to advertise its unique concept.  Through hard work and persistence, Lone Star Dry Goods has developed a significant social media presence and list of followers.

13.     Lone Star also operates a website:  www.lonestardrygoods.com.  This website currently sells Lone Star Dry Goods-branded items, apparel, custom hats, stickers, and patches.

14.     Over the last two years, Lone Star has sold products nationwide and has also made international sales.  Lone Star has relied on its social media and website presence for many of its sales.

15.     Lone Star has a relationship with Shiner Beer authorizing co-branded apparel.  Shiner provides marketing and display materials to Lone Star.  In turn, Lone Star

has given away Shiner to all shoppers, on all days of the week, since Lone Star's opening day. Lone Star also has a weekly event it advertises called Shiner Saturdays.

16. The Lone Star Dry Goods Abilene location contains a barbershop called the Kings Barbers. This four-person barbershop harkens back to the old days, offering hot shaves and haircuts. It also serves craft coffee and craft beer. While the barbershop leases its space, it has a contractual agreement with Lone Star to remain cohesive with Lone Star, both in style and in concept. All grooming products are sold directly through Lone Star Dry Goods.

17. Lone Star carries many brands, including Field Notes (carried for almost 2 years), BBQ Wife drink mixes (carried for over a year), Fulton & Roark (carried for over a year), Theory 11 (carried since opening day), Daneson (carried since opening day), Bourbon Barrel Foods/Woodford Reserve Products (carried since opening day), Olivina, Bravado Spice, Smoke Wagon Beard Products (Lone Star was their first retail account), Hard Core Carnivore, and Halo de Santo.

18. Numerous articles and local Abilene television shows have provided favorable coverage of the Lone Star concept. In turn, Lone Star has circulated the articles and shows through its website and social media channels.

**B.    Brazos River Dry Goods copied the concept, the brands, and half the name of Lone Star Dry Goods.**

19. On October 22, 2018, Defendant Coleburn Todd Davis formed Brazos River Dry Goods Company, LLC. After following Lone Star Dry Goods on Facebook for an as-yet-unknown period of time, Coleburn Davis and Brazos River Dry Goods began blatantly

copying the Lone Star concept, brands, and name.  The following social media posts demonstrate the overt, intentional nature of Defendants' actions:



| Lone Star's Posts | Brazos River's Copycat Posts |
|---|---|



♡ ○ ◁       ⊡

🔴 Liked by **saltpepperwine** and 13 others

**lonestardrygoods** Step up your game with some solid colognes from Fulton & Roark. #solidcolognes #pocketcologne #fultonandroark #cologne #lonestardrygoods #downtownabilene #buyabi

JULY 26



♡ ○ ◁       ⊡

9 likes

**brazosriverdrygoods** This go-anywhere solid cologne will soon be your go-to favorite. Come check them out when our new store opens on 11/15. #smelllikeaman #mensgrooming #fultonandroark #wacomen

NOVEMBER 3



♡ ○ ◁       ⊡

Liked by **mooseraider** and 73 others

**lonestardrygoods** One stop shop for Father's Day! Come see us this week for some father's day shopping while you enjoy a cold Shiner! #jesspryles #hardcorecarnivore #epicprovisions #jackrudycocktailco #francismallmann #bourbonbarrelfoods #opinel #opinelknife #bourboncigars #fieldnotes #lonestardrygoods #downtownabilene #buyabi

JUNE 11



♡ ○ ◁       ⊡

13 likes

**brazosriverdrygoods** We've got the goods for the Brisket Boss on your Christmas list! 🌲 📦 🔪 See you in 2 days Waco! #bristketboss #comeandsliceit #texangoods #texasbbq #hardcorecarnivore

5 DAYS AGO

| Lone Star's Posts | Brazos River's Copycat Posts |
|---|---|



27 likes

**lonestardrygoods** Brand New!! Olivia Men body wash, shave cream, soap, conditioning cream and colognes in awesome scents such as Bourbon Cedar, Ginger Beer and Juniper Mint! This stuff smells AWESOME! Come check it out! #thisstuffsmellsawesome #lonestardrygoods #buylocal #buysmall #shoplocal #downtownabilene #olivinamen #olivina @olivinamen

FEBRUARY 17, 2017



7 likes

**brazosriverdrygoods** We can help you look good, smell good and feel good with products like these Olivina Men natural grooming supplies. See you in 7 days Waco!

View 1 comment

NOVEMBER 8



Liked by **mikealacy** and **40 others**

**lonestardrygoods** Saturdays are for Shiner! ......and Margaritas and Bloody Mary's and chili-lime salt and all the things that help you persevere 106 degree temps! Come see us! #saturdaysareforshiner #margaritas #bloodymary #seasaltandlime #rubyredbird #shiner #lonestardrygoods #downtownabilene #buyabi

View 1 comment

JULY 21



11 likes

**brazosriverdrygoods** If shopping sounds better with one of these in your hand, then we're the store for you. #sipandshop #wacoweekend #guystuff #shinerbeer #saturdayshopping #seeyallsoon

2 DAYS AGO



| Lone Star's Posts | Brazos River's Copycat Posts |

20.     Brazos River Dry Goods' Instagram and Facebook posts directly, and intentionally, copy Lone Star Dry Goods' concept and brands.

21.     Lone Star Dry Goods has certain statutory and common law rights to the "Lone Star Dry Goods" mark, and has a pending application for federal registration of its name, "Lone Star Dry Goods".  Despite the foregoing, Brazos River Dry Goods uses the term on its social media platforms and in its corporate name (Brazos River Dry Goods Company, LLC).

22.     To enforce its trade dress and registered trademarks, prevent Brazos River Dry Goods from copying Lone Star Dry Goods' concepts, and bar Brazos River from

unfairly benefitting from Lone Star's two-and-a-half years of planning, hard work, and significant expense, Lone Star is forced to file this lawsuit.

## CAUSES OF ACTION

### A. Federal Trademark Infringement under 15 U.S.C. § 1114(1)

23.    The actions of Defendants described in this complaint constitute infringement of Lone Star Dry Goods' registered marks in violation of 15 U.S.C. § 1114(1).

24.    Defendants' trademark infringement in violation of 15 U.S.C. § 1114(1) has caused substantial injury to Lone Star Dry Goods and is continuing to cause substantial injury.  Lone Star Dry Goods has no adequate remedy at law for these injuries. Unless Defendants are restrained by this Court from continuing its trademark infringement in violation of 15 U.S.C. § 1114(1), these injuries will continue to accrue.  Pursuant to 15 U.S.C. § 1116, Lone Star Dry Goods is entitled to preliminary and permanent injunctive relief against Defendants' trademark infringement.

25.    Lone Star Dry Goods is entitled, under 15 U.S.C. § 1117, to recover Defendants' profits realized as a result of Defendants' trademark infringement. Defendants' profits are in an amount not yet ascertained but to be proven at trial.

26.    Lone Star Dry Goods is also entitled, under 15 U.S.C. § 1117, to recover its damages incurred as a result of Defendants' trademark infringement.  Lone Star Dry Goods' damages are in an amount not yet ascertained but to be proven at trial.

27.    Lone Star Dry Goods is informed and believes, and based thereon alleges, that Defendants' trademark infringement as alleged herein was and is intentionally

fraudulent, malicious, willful, and wanton.  Lone Star Dry Goods is therefore entitled, pursuant to 15 U.S.C. § 1117, to recover threefold Defendants' profits realized by reason of its trademark infringement.  Lone Star Dry Goods is further entitled under 15 U.S.C. § 1117 to recover the attorneys' fees incurred by it in this action.

**B.    Federal Trade Dress Infringement under 15 U.S.C. § 1125(a)**

28.    The Lone Star Dry Goods trade dress is unique and distinctive as to the source of the Lone Star Dry Goods men's lifestyle goods and services, and has acquired secondary meaning because consumers associate Lone Star Dry Goods as the source of goods and services provided under the Lone Star Dry Goods trade dress.  The Lone Star Dry Goods trade dress is entitled to protection under both federal and common law.

29.    Defendants' use in commerce of the Lone Star Dry Goods trade dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendants' products and services (including, but not limited to, the infringing products and services) without Lone Star Dry Goods' consent, is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendants are Lone Star Dry Goods, or are licensees, authorized distributors, or affiliates of Lone Star Dry Goods, or that Defendants, their activities, and/or their infringing products and services are authorized, endorsed, sponsored, or approved by Lone Star Dry Goods, or vice versa.

30.    Defendants have made, and will continue to make, substantial profits and gain from their unauthorized use of the Lone Star Dry Goods trade dress to which they are not entitled.

31.     The acts of Defendants alleged above were intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to Lone Star Dry Goods, and made with the full knowledge of Lone Star Dry Goods' trade dress rights.

32.     Defendants' acts and conduct complained of herein constitute federal trade dress infringement in violation of 15 U.S.C. § 1125(a).

**C.     Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a)**

33.     Lone Star Dry Goods owns and enjoys federal and common law trademark and trade dress rights in the Lone Star Dry Goods' family of trademarks, including Lone Star Dry Goods, which rights are superior to any rights of Defendants.

34.     Defendants' use of the Brazos River Dry Goods designation constitutes a false designation of origin, passing off, misappropriation, palming off, and/or misleading description or representation of fact which is likely to cause mistake, confusion, and/or deception as to origin, sponsorship, authorization, creation, or approval of Defendants' goods and services, in violation of 15 U.S.C. § 1125(a).

35.     Defendants' unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) has caused substantial injury to Lone Star Dry Goods and is continuing to cause substantial injury.  Lone Star Dry Goods has no adequate remedy at law for these injuries.  Unless Defendants are restrained by this Court from continuing its unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a), these injuries will continue to accrue.  Pursuant to 15 U.S.C. § 1116, Lone Star Dry Goods is

entitled to preliminary and permanent injunctive relief against Defendants' unfair competition and false designation of origin.

36.     Lone Star Dry Goods is entitled, under 15 U.S.C. § 1117, to recover Defendants' profits realized as a result of Defendants' unfair competition and false designation of origin.  Lone Star Dry Goods' damages are in an amount not yet ascertained but to be proven at trial.

37.     Lone Star Dry Goods is also entitled, under 15 U.S.C. § 1117, to recover its damages incurred as a result of Defendants' unfair competition and false designation of origin.  Lone Star Dry Goods' damages are in an amount not yet ascertained but to be proven at trial.

38.     Lone Star Dry Goods is informed and believes, and based thereon alleges, that Defendants' unfair competition and false designation of origin as alleged herein was and is intentionally fraudulent, malicious, willful, and wanton.  Lone Star Dry Goods is therefore entitled, pursuant to 15 U.S.C. § 1117, to recover threefold Defendants' profits realized by reason of its unfair competition and false designation of origin.  Lone Star Dry Goods is further entitled under 15 U.S.C. § 1117 to recover the attorneys' fees incurred by it in this action.

## D.     Federal Trade Dress Dilution under 15 U.S.C. § 1125(c)

39.     Through Lone Star Dry Goods' long-standing and extensive use and the subsequent consumer recognition, the Lone Star Dry Goods trade dress is famous and has acquired secondary meaning, uniqueness, and distinctiveness.

40.     Defendants' use of Lone Star Dry Goods' trade dress, and the adoption and use of the name "Brazos River Dry Goods," began after Lone Star Dry Goods' trade dress became distinctive and famous.

41.     Defendants' use of Lone Star Dry Goods' trade dress, and the adoption and use of the name "Brazos River Dry Goods," is without authorization from Lone Star Dry Goods, and has caused and is likely to cause dilution by blurring and weakening the Lone Star Dry Goods trade dress.

42.     The acts of Defendants alleged above were intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to Lone Star Dry Goods.

43.     Defendants' acts constitute trade dress dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

44.     Unless enjoined by this Court, the acts of Defendants complained of herein will cause Lone Star Dry Goods to suffer irreparable harm for which there is no adequate remedy at law.

45.     As a direct and proximate result of Defendants' actions, Lone Star Dry Goods has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $75,000, exclusive of interest and costs.

**E.     Texas Trade Dress Dilution under Tex. Bus. & Comm. Code § 16.103**

46.     Through Lone Star Dry Goods' long-standing and extensive use and the subsequent consumer recognition, the Lone Star Dry Goods trademark and trade dress is

famous (as defined in Tex. Bus. & Comm. Code § 16.103) and has acquired secondary meaning, uniqueness, and distinctiveness.

47.     Defendants' use of Lone Star Dry Goods' trade dress, and the adoption and use of the name "Brazos River Dry Goods," began after Lone Star Dry Goods' trade dress became distinctive and famous

48.     Defendants' use of Lone Star Dry Goods' trade dress, and the adoption and use of the name "Brazos River Dry Goods," has caused and is likely to cause dilution by blurring and weakening the Lone Star Dry Goods trademark and trade dress.

49.     The acts of Defendants alleged above were intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to Lone Star Dry Goods.

50.     Defendants' acts constitute trade dress dilution in violation of the Texas Anti-Dilution Statute, Tex. Bus. & Comm. Code § 16.103.

51.     As a direct and proximate result of Defendants' actions, Lone Star Dry Goods has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

**F.     Texas Common Law Trademark Infringement**

52.     Lone Star Dry Goods has a valid, legally protectable interest in the trademark Lone Star Dry Goods.

53.     Defendants used Lone Star Dry Goods' trademark in commerce to identify its own services.

54.     Defendants did not have Lone Star Dry Goods' consent, permission or license to use its Lone Star Dry Goods trademark.

55.     Defendants used the Lone Star Dry Goods trademark with the intent to confuse consumers regarding the origins of Defendants' goods and services.

56.     Defendants' use of the Lone Star Dry Goods trademark has caused consumer confusion, and will continue to cause consumer confusion, regarding the origins of Defendants' products and services and has diminished Lone Star Dry Goods' goodwill and ability to control what is sold under its trademarks.

57.     Defendants' conduct constitutes trademark infringement in violation of Texas common law.

58.     Defendants' acts have caused, and will continue to cause, Lone Star Dry Goods to suffer damages.

**G.      Texas Common Law Trade Dress Infringement**

59.     The Lone Star Dry Goods trade dress is unique and distinctive as to the source of the Lone Star Dry Goods men's lifestyle goods and services, and has acquired secondary meaning across the United States, and particularly in the State of Texas, because consumers associate Lone Star Dry Goods as the source of goods and services provided under the Lone Star Dry Goods trade dress.

60.     Lone Star Dry Goods' use of the Lone Star Dry Goods trade dress predates any alleged use by Defendants in the United States or in the State of Texas.

61.     Defendants' use in commerce of the Lone Star Dry Goods trade dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendants' infringing

products and services without Lone Star Dry Goods' consent is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendants are Lone Star Dry Goods, or are licensees, authorized distributors, or affiliates of Lone Star Dry Goods, or that Defendants, their activities, and/or their infringing products and services are authorized, endorsed, sponsored, or approved by Lone Star Dry Goods, or vice versa.

62.    Defendants used, and presently use, the Lone Star Dry Goods trade dress in the State of Texas, without Lone Star Dry Goods' authorization in furtherance of its willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill and recognition Lone Star Dry Goods has established in the Lone Star Dry Goods trade dress.

63.    Defendants have made, and will continue to make, substantial profits and gain from their unauthorized use of the Lone Star Dry Goods trade dress to which they are not entitled.

64.    The acts of Defendants alleged above were intentional, willful, with bad faith, and with the intention of deceiving and misleading the public and causing harm to Lone Star Dry Goods.

65.    Upon information and belief, Defendants' acts and conduct complained of herein constitute trade dress infringement in violation of the common law of the State of Texas.

66.    Unless enjoined by this Court, the acts of Defendants complained of herein will cause Lone Star Dry Goods to suffer irreparable harm for which there is no adequate remedy at law.

67.     As a direct and proximate result of Defendants' actions, Lone Star Dry Goods has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

**H.     Texas Common Law Misappropriation**

68.     The Lone Star Dry Goods trade dress is unique and distinctive as to the source of Lone Star Dry Goods products and services, and has acquired secondary meaning across the United States, and particularly in the State of Texas, because consumers associate Lone Star Dry Goods as the source of goods provided under the Lone Star Dry Goods trade dress.

69.     Lone Star Dry Goods created the Lone Star Dry Goods trade dress through extensive time, labor, effort, skill, and money.

70.     Lone Star Dry Goods' use of the Lone Star Dry Goods trade dress predates any alleged use by Defendants in the United States or in the State of Texas.

71.     Defendants have wrongfully used the Lone Star Dry Goods trade dress in competition with Lone Star Dry Goods and gained an unfair advantage, because Defendants were not burdened with the expenses incurred by Lone Star Dry Goods.

72.     Defendants have commercially damaged Lone Star Dry Goods, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, by creating the false and misleading impression that the infringing products and services are manufactured by, authorized by, or otherwise associated with Lone Star Dry Goods, and by taking away sales that Lone Star Dry Goods would have made.

73.     Defendants' misappropriation of the Lone Star Dry Goods trade dress has been intentional, willful, and malicious.

74.     Defendants' acts and conduct complained of herein constitute misappropriation in violation of the common law of the State of Texas.

75.     Unless enjoined by this Court, the acts of Defendants complained of herein will cause Lone Star Dry Goods to suffer irreparable harm for which there is no adequate remedy at law.

76.     As a direct and proximate result of Defendants' actions, Lone Star Dry Goods has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

## I.     Texas Common Law Unjust Enrichment

77.     Through Defendants' use of the infringing mark, they have used the significant goodwill and consumer recognition inherent in the Lone Star Dry Goods as a stepping stone to launch their own men's lifestyle products and services business.

78.     Through Defendants' use of the infringing mark, Defendants' marketing efforts have benefitted and they have profited financially, and are likely to continue benefiting and profiting, by confusing customers about the origins of Defendants' products and services.

79.     As a direct and proximate result of Defendants' actions, Lone Star Dry Goods has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

**J.     Texas Common Law False Designation of Origin**

80.     Through Defendants' use of the infringing mark in interstate commerce in connection with Defendants' men's lifestyle products and services, Defendants have falsely designated those services as affiliated with Lone Star Dry Goods.

81.     Defendants' use of the Lone Star Dry Goods trademark has the capacity to materially deceive potential customers, and is likely to cause confusion, or to cause mistake, or to deceive as to the origin of Defendants' products and services.

82.     As a result of Defendants' false designation of its men's lifestyle products and services, Lone Star Dry Goods has suffered, and will continue to suffer, damages, including damage to its goodwill and reputation.

**K.     Texas Common Law Unfair Competition**

83.     Defendants' acts constitute unfair competition under the common law of Texas.

84.     Lone Star Dry Goods has built up valuable goodwill in the "Lone Star Dry Goods" trade name, and the distinctive appearance and collection of goods and services, thereby giving the Lone Star Dry Goods name a secondary meaning.

85.     For the harm and damage that has occurred and will occur as the result of Defendants' unfair competition, Lone Star Dry Goods has no adequate remedy at law because its distinctive appearance and collection of goods and services are unique, and a suit for damages cannot replace use and ownership of those distinctive appearance and collection of goods and services.

86.     Defendants' acts of unfair competition have been malicious and calculated to injure Lone Star Dry Goods.

87.     The willful, wanton, and malicious nature of Defendants' conduct entitles Lone Star Dry Goods to an award of its reasonable attorneys' fees and punitive damages against Defendants.

88.     Defendants' acts of unfair competition, including without limitation misappropriating Lone Star Dry Goods' distinctive appearance and collection of goods and services, are irreparably injuring Lone Star Dry Goods' goodwill and eroding Lone Star Dry Goods' share of the men's lifestyle products and services market, and unless enjoined by this Court, will continue to do so.

89.     Under the common law of the State of Texas, Lone Star Dry Goods is entitled to preliminary and permanent injunctive relief to prevent Defendants' continuing acts of unfair competition.

## JURY DEMAND

Lone Star Dry Goods demands a trial by jury on all issues so triable.

## PRAYER

For the foregoing reasons, Lone Star Dry Goods asks for judgment against Defendants in the following forms:

a.     Permanent injunction under 15 U.S.C. §§ 1116 and 1125(a) and (c)(1), and Tex. Bus. & Comm. Code § 16.103(c), barring Defendants, and their officers, agents, employees, and all persons acting on Defendants' behalf from: (i) using "Brazos River Dry Goods," or any other similar variation or phonetic equivalent, in connection with men's

lifestyle products and services; (ii) advertising or marketing "Brazos River Dry Goods," or any other similar variation or phonetic equivalent, in signage, letterhead, business cards, marketing materials, websites or social media; and (iii) publicly representing, or otherwise stating or implying, that Defendants' goods and services are in any way affiliated with Lone Star Dry Goods;

b.      An injunction ordering Defendant, pursuant to 15 U.S.C. §§ 1118 and 1125(c)(5), to deliver for destruction all advertising materials or any other items bearing "Lone Star Dry Goods" or its equivalent;

c.      An Order directing Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on Lone Star Dry Goods' counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

d.      An award of Lone Star Dry Goods' profits, damages, and costs under 15 U.S.C. §§ 1117(a) and 1125(c)(5) and Tex. Bus. & Comm. Code § 16.103(c);

e.      Equitable relief including unjust enrichment, constructive trust, and disgorgement of profits;

f.      An Order awarding Lone Star Dry Goods treble damages resulting from Defendants' willful and intentional conduct pursuant to 15 U.S.C. § 1117 and as allowed under Texas law;

g.      An Order awarding Lone Star Dry Goods punitive and exemplary damages as permitted by Texas law;

h.      An award to Lone Star Dry Goods of its reasonable attorneys' fees and the costs of this action, under 15 U.S.C. §§ 1125(c)(5) and 1117(a) and Tex. Bus. & Comm. Code § 16.103(c); and

i.      All other relief the Court deems appropriate at law and in equity.

Respectfully submitted,

By: */s/ Ben Zinnecker*
Chris Blackerby
Texas Bar No. 00787091
Ben Zinnecker
Texas Bar No. 24066504
GERMER BEAMAN & BROWN PLLC
301 Congress Ave., Suite 1700
Austin, Texas 78701
(512) 472-0288 (Main)
(512) 472-0721 (Fax)
cblackerby@germer-austin.com
bzinnecker@germer-austin.com

– and –

S. Scott Pershern
scott@mppfirm.com
Texas Bar No. 24060412
*To Be Admitted Pro Hac Vice*
MILLER PATTI PERSHERN PLLC
15601 Dallas Parkway, Suite 900
Addison, Texas 75001
Tel.: (214) 935-4930
Fax: (214) 935-4946

**Attorneys for Plaintiff Lone Star Dry Goods Co.**